# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

NAGEEB A. ABDELSAYED

_(In the space above enter the full name(s) of the plaintiff(s).)_

-against-

SUMMIT SECURITY SERVICES INC.

GENE O'DONNELL, PROJECT MANAGER (MSO)

TRACY MOMENT & YOUSSEF SALAS(ROUNDSMEN)

_(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_

**Complaint for Employment Discrimination**

Case No. _____
_(to be filled in by the Clerk's Office)_

Jury Trial:   ● Yes   ☐ No
_(check one)_

2

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | NAGEEB A. ABDELSAYED |
| Street Address | 1565 77TH STREET, APT.# 2R, |
| City and County | BROOKLYN, |
| State and Zip Code | NEW YORK 11228 |
| Telephone Number | (917) 588-2646 |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | SUMMIT SECURITY SERVICES INC. |
| Job or Title (if Known) | |
| Street Address | 2401 MORRIS AVENUE, 3RD FLOOR, |
| City and County | UNION, |
| State and Zip Code | NEW JERSEY 07083 |
| Telephone Number | (908) 686-6940 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | GENE O'DONNELL |
| Job or Title (if known) | PROJECT MANAGER (MSO) SUMMIT SECURITY SERVI |
| Street Address | 2401 MORRIS AVENUE, 3RD FLOOR, |
| City and County | UNION, |

3

| | |
|---|---|
| State and Zip Code | NEW JERSEY 07083 |
| Telephone Number | (917) 993-1679 |
| E-mail Address (if known) | |

Defendant No. 3

| | |
|---|---|
| Name | TRACY MOMMENT |
| Job or Title (if known) | ROUNDSMAN, SUMMIT SECURITY SERVICES |
| Street Address | 2401 MORRIS AVENUE, 3RD FLOOR, |
| City and County | UNION, |
| State and Zip Code | NEW JERSEY 07083 |
| Telephone Number | (347) 242- 0361 |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | YOUSSEF SALAS |
| Job or Title (if known) | ROUNDSMAN, SUMMIT SECURITY SERVICES |
| Street Address | 2401 MORRIS AVENUE, 3RD FLOOR, |
| City and County | UNION, |
| State and Zip Code | NEW JERSEY 07083 |
| Telephone Number | (917) 858-9966 |
| E-mail Address (if known) | |

## C.   Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | SUMMIT SECURITY SERVICES INC. |
| Street Address | 2401 MORRIS AVENUE, 3RD FLOOR, |
| City and County | UNION, |
| State and Zip Code | NEW JERSEY 07083 |
| Telephone Number | (908) 686-6940 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply):*

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

  *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

  *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

  *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Other federal law *(specify the federal law):* RETALIATION BASED ON DISCRIMINATION

☐ Relevant state law *(specify, if known):*

  _____

☐ Relevant city or county law *(specify, if known):*

  _____

## III. Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes (*check all that apply*):

☑ Failure to hire me.

☑ Termination of my employment.

☑ Failure to promote me.

☐ Failure to accommodate my disability.

☐ Unequal terms and conditions of my employment.

☑ Retaliation.

☑ Other acts (*specify*): ___HOSTILE WORK ENVIRONMENT___

(*Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*)

B. It is my best recollection that the alleged discriminatory acts occurred on date(s) _____

C. I believe that defendant(s) (*check one*):

☐ is/are still committing these acts against me.

◉ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my (*check all that apply and explain*):

☐ race _____

☑ color _____

☑ gender/sex _____

☑ religion _____

☑ national origin _____

☐ age. My year of birth is ___1967___ . (*Give your year of birth only if you are asserting a claim of age discrimination.*)

☐ disability or perceived disability (*specify disability*) _____

E.    The facts of my case are as follows.   Attach additional pages if needed.

I have been employed as a security officer with Summit Security Services since Marsh 2014 until present. Summit Security Services took over the location after my previous employer FJC Security Services lost the business contract with PAPD and The Water Front Commission of New York and New Jersey, for about a year ago, all my roundsmen and company manager promoted hostility and violent harassments against me by making  divisions between me and my co-workers and the clients in the work place. Please refer to attached statements !

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

B.    The Equal Employment Opportunity Commission *(check one)*:

⦿    has not issued a Notice of Right to Sue letter.

◯    issued a Notice of Right to Sue letter, which I received on *(date)*

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

⦿    60 days or more have elapsed.

◯    less than 60 days have elapsed.

7

## V.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

| |
|---|
| Court Order to Defendants to stop harassment and retaliation conducts that are causing  harm to Plaintiff. |
| Court Declaration that Defendants violated the Plaintiff's Legal Rights. |
| Court Order awarding compensatory and punitive damages in an amount to be determined at trial. |
| Reasonable Litigation costs under 42 U.S.C. Section 1988; and |
| An order directing such other and further relief as the Court may deem just and proper. |

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____ May 1st _____, 20 17.

Signature of Plaintiff                _____ 05/01/17

Printed Name of Plaintiff         NAGEEB A. ABDELSAYED ( Plaintiff pro se )



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Newark Area Office

2 Gateway Center, Suite 1703
283-299 Market Street
Newark, NJ 07102-5233
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Newark Status Line: (866) 408-8075
Newark Direct Dial: (973) 645-4684
TTY (973) 645-3004
FAX (973) 645-4524

Re:   EEOC Charge No.: 524-2016-00788
      _Nageeb A. Abdelsayed v. Summit Security Services_

Nageeb A. Abdelsayed
1565 77th Street
Brooklyn, NY 11228

Dear Mr. Abdelsayed,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"), has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted. You allege you were _discriminated against on the basis of national origin (Egypt) and religion (Coptic Christian)._

Respondent's position statement has been previously shared with you. You were provided with an opportunity to submit a rebuttal to which you declined.

Based upon this analysis the Commission is unable to conclude that the information establishes a violation of federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge with 90 days of receipt of said notice. Otherwise, your right to sue will be lost. Please contact Investigator William McGovern at (973) 645-2624 if you have any questions.

Sincerely,

_John Waldinger_
Area Director

JAN 3 1 2017
Date

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Nageeb A. Abdelsayed
1565 77th Street #2r
Brooklyn, NY 11228

From: Newark Area Office
283-299 Market Street
Two Gateway Center, Suite 1703
Newark, NJ 07102

On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 524-2016-00788 | Rayba Watson, Enforcement Supervisor | (973) 645-6021 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your **lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

John Waldinger, Area Office Director

(signature)

JAN 3 1 2017

(Date Mailed)

Enclosures(s)

cc:
Kimberly Dobson
Jackson Lewis P.C.
58 SOUTH SERVICE ROAD
Suite 250
Melville, NY 11747

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 524-2016-00788 |
| | and EEOC |

| | State or local Agency, if any | |
|---|---|---|

Name (Indicate Mr., Ms., Mrs.)
**Nageeb Abdelsayed**

Home Phone (Incl. Area Code): **(917) 588-2646**

Date of Birth: **08-15-1967**

Street Address: **1565 77th Street #2r, Brooklyn, NY 11228**

City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

Name
**SUMMIT SECURITY SERVICES**

No. Employees, Members: **15 - 100**

Phone No. (Include Area Code): **(908) 686-6940**

Street Address: **2401 Morris Ave, Union, NJ 07083**

City, State and ZIP Code

Name

No. Employees, Members

Phone No. (Include Area Code)

Street Address

City, State and ZIP Code

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☒ SEX  ☒ RELIGION  ☒ NATIONAL ORIGIN | Earliest: **04-25-2016**  Latest: **04-25-2016** |
| ☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | ☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I have been employed by Respondent since 2004 as a Security Officer.

On April 25, 2016, I received a final written warning from my supervisor for failing to adhere to the chain of command, as per policy. I was verbally assaulted by a co-worker and I reported it to the supervisor, who took no action. I also called a supervisor at the Port Authority to advise him of the situation and to see what could be done. I did request that I be separated from the individual who was threatening and harassing me, who is a Muslim. No action has been taken against my co-worker. My supervisor, who is also Muslim, treats me differently than other employees who are Muslim. They are not written up for violations of policies or other infractions and at times have blatantly disregarded them without consequence.

In addition, another employee with the same national origin (Egyptian) and religion (Coptic Christian) was terminated for requesting to take a medical leave of absence, while another employee was out

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the above is true and correct.

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

| Date: **Apr 29, 2016** | Charging Party Signature |
|---|---|

EEOC Form 5(11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 524-2016-00788 |

State or local Agency, if any

and EEOC

religion (Coptic Christian) in violation of Title VII of the Civil Rights Act of 1964, as amended.

I believe that I am being discriminated and retaliated against due to my national origin (Egyptian) and

for 3 months and was allowed to come back to work at the end of her leave.

| | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Apr 29, 2016 Date | |
| Charging Party Signature | |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# STATEMENT OF NAGEEB ABDELSAYED

I am a member of Local 1456 of the Port Police & Guards Union and am employed by Summit Security. I was interviewed on April 5, 2016 by the Port's EEO Officer, Alfred G. Feliu, relating to complaints I filed against Youssef Salas and Tracey Moment for race, religion, national origin and marital status discrimination. This Statement is an accurate summary of that interview.

Mr. Salas and Mr. Moment are both roundsmen to whom I report. They both seem to work together to try to cause problems for me. Mr. Salas will not leave me alone. I will see him in the car or trailer. He tends to give me his work order in an demanding and intimidating method. He gives me the order then he comes back to me and repeats himself for the same thing more than once with a voice tone change that makes me lose feeling of safety. He will not leave me alone. He doesn't practice the communication skills that the professional roundsman should has when speaking to his employees. He prefers to start and ends the conversation in away that leaves me with a feeling as an intimidated tiny and weak person. For examples, he doesn't like to start with saying Hi ! or Hello ! He doesn't like to end with goodbye or even thanks, and things like that !!! some times, he prefers to end his phone call to me with a period of silence before he hangs on although he is the one who calls me. This is all too much. Various incidents occurred with him in the recent past.

On March 23, Mr Salas prepared the scene for a harassing scenario to be applied on me in the work place. Half hour before I start my tour at Berth # 10, Mr Salas added a note about the need to review and touch TWIC passed which I already know and apply all the time. I was warned that something big was going to happen and that I needed to be careful. A breaker man named Matthew L. from WEEKS Cranes Company came by Bert # 10 and refused to let me view his TWIC card. He started yelling at me for unknown reason and he asked for a supervisor. He was about to report to Berth 10. I contacted my roundsman Mr Salas and I reported the incident over to him and asked him to come to berth # 10. Mr. Salas came by and he explained the rules to Mr. Matthew L. and stated that I was doing the right thing. I brought the bulletin to confirm this to the visitor Mr Matthew L.

On March 22nd, Mr. Salas came by in order to check berth # 10 and to sign the daily operation log book. Mr. Salas tried to start a conversation with me rather than to just check the berth and sign the log book. Mr Salas tried to show that he is my friend. Mr Salas stated that he likes me not for being professional and for being loyal security officer to my employer Summit Security Services. He states that he likes me, according to his words, just because we are both arabs. " Nageeb, I like you because we are both arabs; Mr Salas said". Mr Salas told also told me that I, Nageeb Abdelsayed did not have to be upset. I responded to him saying that I am not an arab and that he knows very well that I am an egyptian american and am proud to be !! I told him that he does a lot to me to make me upset and he is always trying to harass me both verbally and in actions before all

people to show others that I am not a professional security officer and also to show that I do not comply to the company policy and the Waterfront Commission and Ports Authority Rules and Regulations while I am on duty.

A recurring problem with Mr. Salas is that he removes and hides the payroll sheets and then he accuses me of not signing in. He did that several times on December 2015 and on January 2016. This happened one more time on President's Day 02/15/2016 weekend when he removed and stole the payroll papers even though it did not have to be submitted until Tuesday. I reported the incident to my other roundsman Mr Tracey Moment via a text because he did not pick up the phone when I called him several times. Mr. Salas brought back the payroll sheets around 9:00 pm while it was snowing very heavy. He also sign in the operation log book during a holiday and a non-business day to him. I asked him to do me a favor and not to negatively affect my job record with the new company Summit Security Services. I took the payroll sheets by mistake, Mr Salas said. I notified my roundsman Mr. Moment and project manager Mr. Jene O'Donnell. He wanted to provide a proof that I do not comply to Summit Security Services' policy and that I cause a delay for payroll processing. I signed a blank sheet just to prove that I was there.

Mr. Youssef Salas did not remove the sheets from the other locations but only from BMW location in Bayonne NJ which is close to where he lives. There was no payroll to be submitted on that Monday as it was a holiday for President Day and he could have waited until Tuesday. Mr Salas was not the one who neither puts the work schedule nor the one who makes the payroll entry, he said that to me a week before.  He did this same thing to me three times before. I feel that Mr. Salas is trying to disqualify me from my position as a security officer by providing the company a false proof that I am not complying to the company policy. This could be enough reason to get me fired and my job to be terminated. I have seniority in this job. I am # 19 out of 36 on the regular seniority list. Summit Security Services is newly contracted to provide security services to The Ports Authority Police and Waterfront Commiss

On March 22, Mr Youssef came to me while I was on duty at berth # 10 in Ports Newark Ship terminal in New Jersey and said "I like you, you and me are both Arabs." Mr Salas did that purposely as he know my I am an Egyptian-American. I said to him "I love you because my religion teaches me to love and respect all." I am Christian and he is Muslim. I object to being called Arab as I am Egyptian. I am a proud Egyptian-American.

One more time, on December  1st, 2015, Mr. Youssef removed the payroll sign in sheet for November 18th, 2015 . On December 2015, He came to me and asked why I did not sign the payroll sheet for November 18th, 2015. I told him that I did not find the payroll sheet when I came back the following day. I received a call on November 18 from Mr. Moment telling me that the ship had left early and that I did not need to come in. On December 1st, Mr. Salas asked me to sign the sheet from November 18 and asked why I did not report to

that I did not work that day and asked to get my waterfront Memorandum book so I can show him. I read the note to him. He said to me 10 times in 30 seconds that you have to remember to sign in. I told him I got the message Sir! and you don't need to repeat this to me. The same thing happened in January. I signed on a separate sheet when the sign in sheet is not there but Mr. Salas threw away those sheets and after weeks he came and ask me to sign.

There is a Sign-in and Sign out protocol that all security officers must adhere to. Security officers must report to the work place and sign in and sign in even if their work task is cancelled by their roundsmen. All security officers must remain in the work place doing nothing until further order to be received from the roundsmen whether they do another work or they sign out. On, Thursday, March 17th, 2016, Mr. Tracey Moment assigned me for Friday 18th security tour 2200 to 1600 Saturday, 19th, 2016 at berth # 13 Ports Newark ship terminal. Mr. Salas called me later in confirmation to the same work task that Mr. Moment ordered me earlier. Both roundsmen were aware of my work assignment for that day. On Friday, March 18th, 2016, about 12:00 pm, Mr. Moment contacted me and asked me not to show up and not to go to my work task because the vessel schedule was cancelled. The same day, Friday, at 6:00 pm, I notified Mr. Salas that my Friday's tour was cancelled by Mr. Moment earlier at 12:00 pm. I also notified him that I received an order from Mr. Moment Not to show up and Not to come to the work place. Mr. Salas texted me back that I still have to come in and sign in the waterfront book and the sign in payroll sheet. I texted Mr. Salas answer to Mr. Moment and asked him what should I do. Mr. Moment call me and started to yell at me over the phone. Why did you text me a message like that. Mr. Moment yelled at me! Mr. Moment intended to put me in a hostile and in an insubordinate situation with Mr. Salas. Mr. Moment gave me an order Not to show up which Mr. Salas was not aware about.

One more time, but this time, both roundsmen shared the plan to negatively affect my position. On January 22 there was a snowstorm and I was not able to go home because my relief security officer Sal Labarvera came to relief me two hours late and all bridges and tunnels were banned; all bridges and tunnels were closed and I was not able to go home in Brooklyn NY. Mr. Moment gave me an order to stay in the Port Authority building for that night. The bridges were closed and my relief was 2 hours late. I worked 18 hours straight. My security relief was late and I know that was because of the snow storm. Mr. Moment contacted me at 10:00 am and asked me to contact Mr. Salas to send a security officer to relief me of duty as soon as possible and I did. An hour later, I called both Mr. Salas and Mr. Moment and I offered to stay for the third tour for emergency if the security relief had a hardship to come over. Mr. Moment said I would be paid the full shift due to the snow hardship but I was only paid 2 hours.

All security officers must have their hardship sited for safety. Both Mr. Moment and Mr. Salas stressed on that item. One day, MR. Salas came in berth # 9 PNWK, while I was on duty with my hand held on the counter as I just started my tour. Mr. Salas told me that I did not need the handhelt as that is only

required when we are are dealing with cement or salt ships. Nagged, why do you have your hard-hat on ? Mr. Salas asked me. To comply to the company policy and for my safety, I answered him. Mr. Salas said: No Nageed; you don't need to have the hardhat when you're working with cars. Take your hard-hat and put it in your car. Mr. Salas ordered me I There was no reason for this. I texted Mr. Salas to confirm his hard-had order to me but he didn't respond to my text. I reported the incident to both Mr. Moment and project manager Mr. Jene O'Donnell via a text at the same day. I asked other co-workers whether or not they receive the use limit of the hard-hat order from the roundsmen. My co-workers said no, they didn't. Mr. Salas always fight with us if sees us without our hard-hats, my co-workers said amazingly!!! I would love to keep my co-workers testimony confidential because I don't want to get them retaliated against by both roundsmen and other co-workers.

Mr. Salas has never said anything negative about my religion but he was aware that I am a coptic christian. He orally identify me as an arab by saying that he likes me only because we are both arabs. He knows how proud I am to be an egyptian american and he tries in an indirect way to put me down and make me feel stressed.

Mr. Tracy moment always uses stressful and intimidating language when giving me work orders. On April 11th, 2016, I stopped an unauthorized person from having illegal access into berth # 12.Mr. Tracey contacted me and tried to discuss with me over the phone what Ports Authority police must do in similar situation which is above my job capacity and work duty as a security officer. He also tried to describe me as my limit by using a untrue and overwhelming complementary language. Nagged, you did a great job I You did more than what you are supposed to do ; Mr. Tracey Moment said over the phone.I just did what I supposed to do Sir. I am here only to observe and report what I see. I answered him. Both Mr. Salas and Mr. Moment gave me an order to prepare an incident report for that incident. Later on, Patrol lady, Ms. Patrecia Mickens stopped by berth # 12. Mr. Moment sends you an order to prepare the incident report right now just in case the case may be taken to the Court later on: Ms. Mickens told me.

I was working as a teacher in New York public schools and an investigation was conducted about my work schedule. The investigators met with Mr. Moment in or about September 2016 to collect information about my work schedule as a security officer. Mr. Tracey Moment provided investigators with untrue information about my work schedule. He told them that my shift started at 4:00 PM when it started at 5:00 PM or 6:00 pm for Mondays and Tuesdays. Providing an inaccurate information about my work schedule timing, Mr. Tracy Moment confirmed the second principal false claims that I left the school building early on Mondays and Tuesdays for heading to a second job. As a result, I lost my teaching position in NYC Department of Education. I think that Mr. Moment is causing me problems because of his feeling of guilt. He doesn't want to see me in the Port because of what he did to me and making me lose my teaching

position. He provided false information to the investigators and caused me trouble.

Mr. Moment has not said anything derogatory about my national origin, religion, race, or marital status. Mr. Tracey Moment did not provide the right instructions to another coptic egyptian co-worker when she went for a disability about a year ago. That lead to the loss of her job as a security officer. On a similar situation, Mr. Moment provided the right instructions to another black american co-worker when she went for a disability and she is still employed as a security officer.There is no reason for the treatment I am receiving from Mr. Salas and Mr. Moment as I am a good worker and am a hard worker and their bad treatment of me is undeserved.

I have reviewed this Statement and was given a chance to revise it. It is fully accurate and truthful to the best of my knowledge.

04-22-15
Date

Nageeb Adbelsayed

# STATEMENT OF NAGEEB ABDELSAYED

I am a member of Local 1456 of the Ports Police & Guards Union and am employed by Summit Security Services. I was interviewed on September 15th, 2016 by the Port's EEO Officer, Alfred G. Feliu, relating to a complaint I filed against my roundsman Mr. Youssef Salas alleging retaliation under the Port's Anti-Harassment and Anti-Discrimination Policy. This Statement is an accurate summary of that interview.

Accompanying my complaint are my descriptions of incidents that occurred on August 24, 25, and 26 and September 4, 13, 15, and 19, 2016 the incidents reports and the text messages that I sent. I believe that Mr. Youssef Salas, my rounds man, is retaliating against me for filing a complaint against him in the spring 2016.

On September 19th, 2016, I verbally reported to Mr. Salas some harassing situations from Operation Control Center employees in the form of disrespectful treatment both in behavior and in words. Mr. Salas did not show me any sign that he would handle that matter. Instead, On September 21st, 2016, Mr. O' Donnell handed me a suspension letter accusing me of not following the chain of order in reporting incidents only because I asked for the contact number of OCC Supervisor Ms. Jerry.

On September 15th, 2016, I reported to Mr. Salas both verbally and via text a kind of rumors of sexual nature that a female co-worker s.o. Mrs. Esther Hill tried to spread against me at the witness of another male co-worker s.o. Mr. Sebastian. Mrs. Hill tried to get me in a boyfriend and girlfriend relationship when I asked her about the security officer relief who would come to come to relief her of duty at that day. Your girl friend, she replied ! Again Mr. Salas did not deal with my report seriously and professionally.

On September 13th. 2016, I received a phone call early in the morning from my brother telling me that my niece in Egypt who is 12 years old was burned in electricity and was taken to the hospital. Her father was injured too while he was trying to rescue her and her mother was bleeding of being emotionally and physically shocked. This was all very disturbing to me and I was in a very bad mood. I contacted and tested Mr. Salas at 07:45 am and asked him for an emergency day off as I needed to help and to follow up with my family on their hard situation. Mr. Salas was not helpful, as usual ! He tried to document my emergency day off request as a regular day off which required a request form to be submitted and to be approved before hand. Mr. Salas was trying to get me in the trap of not following the day off request official protocol. With all kinds of disrespect, Mr. Salas did not consider my familiar emergency situation at that day and he added up more to my distressed situation.

On September 4th, 2016, I reported a suspicious existence and behavior for a male, lately proved that he was an employee for one of the companies in the terminal. I reported the incident to the Operation Control Center employee on duty. OCC employee reported to the location at export street right by the SCI building and professionally addressed the incident. I notified the incident to my roundsman Mr. Salas. Mr. Salas was mad of me for not questioning the person which of course was not one of my duties.

At the same day, I texted Summit Security Manager Mr. Eugene O' Donnell. I complained to Mr. Donnell from the harassment and unfair treatment that I received from Mr. Salas in the form of misleading and problematic orders and work directives. Mr. Donnell gave me an order to report all my complaints to Mr. Salas, the person who was and still harassing me !!!

On September 4th, 2016 also, I observed the gate of Berth #17 was opened. I also observed the Ports Authority Police Department and the Operation Control Center representative are inside the berth. I contacted my roundsman Mr. Salas and reported him the matter. Again, instead of contacting the Operation Control Center, as a roundsman, for further information, Mr. Salas asked me to collect that information for him by asking PAPD why they are inside the berth for ?!!! I followed Mr. Salas' order and the OCC representative provided me information that Mr. Salas asked me to collect. I called Mr. Salas and reported him the information that he asked for.

On September 07th, 2016, Summit Security Manager Mr. Eugene O' Donnell had a meeting with me and with my Local 1456 union representative Mr. Gorski. On that meeting, we discussed briefly some of the work-harassing behaviors from Mr. Salas to me. Mr. Donnell spoke to me disrespectfully in the presence of my union representative Mr. Gorski. He repeatedly reminded me of the amount of money that I receive for working sixteen hours over time weekly. Mr. Donnell did not provide me the reason why he spoke to me about my hourly work payment. Mr. Donnell tried to put me down and make me distressed and treated me disrespectfully.

On August 26th, 2016, while I was doing my duty as a patrolman, I went to Berth #10 to give a break to s.o. Mrs. Theresa Gates at 07:05 pm. Nine minutes later, after Mrs. Gates left the gate booth for a break, Mr. Salas, called at 07:14 pm. My roundsman, Mr. Youssef Salas called me. He gave me an order to go in and search the gate booth for his personal air wick that he thought he left in the booth. Mrs. Gates always leaves her belongings in the booth whenever she goes for a break. I did not want to go inside the booth to search for Mr. Salas's forgotten air wick while Mrs. Gates was a way. Instead, I asked Mr. Salas to contact Mrs. Gates, the same way he contacted me, and ask her to search her own belongings for his air wick herself and then she give it to me. I did not know what was Mr. Salas purpose to make my morality questionable for my co-

workers !

On August 25th, 2016, I was giving s.o. Ms Nilda De Jesus a break at Berth # 25. Ms. De Jesus went to her car for a nap. Mr. Salas appeared suddenly driving Summit Security vehicle. He asked me angrily. What are you doing over here? Giving a break to Ms De Jesus; I answered. No No ! I will stay over here to give her a break. MR salas gave me an order to go to check the locked gates instead of to go to cover the restricted Berth #17 where there was a vessel' operation going on. Two minutes later after I drove away, Mr. Salas called me a gain. Come back to berth # 25, he said. I drove back to berth # 25. Stay over here until Ms De Jesus returns from her break, Mr. Salas Ordered. I did and followed his order.

The big question is why is Mr. Salas doing this to me ? The only thing that I can think of is retaliation and because I previously filed a work harassment complaint with the Port's EEO Officer, Mr. Alfred G. Feliu in spring of the year 2016. I just can not take this any more. I can not take his high level of hatred and discrimination. I recently came back from vacation and Mr. Salas seemed suspicious in a dramatic way. He took many negative actions against me in a short time. This raises doubts in me. I am a victim of intimidation by both Mr. Eugene O' Donnell and Mr. Youssef Salas. There is no reason for the treatment I am receiving from them. I am a very hard worker and their bad treatment to me is undeserved.

I have reviewed this statement and was given a chance to revise it. It is fully accurate and truthful to the best of my knowledge.

6/04/2016

Date

_Nageeb Abdelsayed_ (signature)

Nageeb Abdelsayed



10/04/2016 12:57 PM FAX

P.0001

*******************************************
***   Send Results   ***
*******************************************

Sending is complete.

Job No.         2321
Address         12127636810
Name
Start Time      10/04 12:55 PM
Call Length     02'25
Sheets          6
Result          OK

# NYSA-PPGU ANTI-HARASSMENT AND ANTI-DISCRIMINATION POLICY
## COMPLAINT FORM

| | | |
|---|---|---|
| NAGEEB ABDELSAYED | WF NUMBER | PPGU 1456 |
| Name | | UNION LOCAL |
| 1565 77th Street #2R | 11709 | NY 11228 |
| Address | City | State |
| 917-588-2646 | 917-588-2646 | 03/22/16 |
| Home Telephone Number | Cell Number | DATE |

I wish to file a complaint under the NYSA-PPGU Anti-Harassment and Anti-Discrimination Policy (the "NYSA-PPGU Policy") and request that the EEO Officer investigate my claim(s). The information below is true to the best of my knowledge. The basis for my complaint is as follows: [check all that apply]

☐ I believe that I was discriminated against or harassed in violation of the NYSA-PPGU Policy on the following ground(s):
☐ sex ☑ race ☑ religion ☑ age
☐ sex harassment ☐ pregnancy ☑ national origin ☐ sexual orientation
☑ disability ☑ marital status /sisyat ☐ other protected category [specify] _____

☐ I believe that I have been retaliated against for: reporting harassment or discrimination; providing information related to any complaint of harassment or discrimination, or; participating in an investigation covered by the NYSA-PPGU Policy.

I believe the following individual or individuals discriminated against or harassed me or otherwise violated the NYSA-PPGU Policy: _____ Youssef Salas _____

I have raised my complaint with the following management supervisor(s), designated employer representative, or other person(s) in authority: Employer Summit Security Services and the Union PPGU local 1456.

The offending act(s) occurred on the following dates and times: March 18th 2016 and February 15th 2016.

The following are the facts that support my claim(s). Attach additional pages as necessary. My Supervisor Mr. Youssef Salas discriminated against me because I am an Egyptian Coptic

Christian. On March 18th, 2016, my Immediate supervisor Mr. Tracey Moment gave me an order not to show up at Booth 13 QWK and to sign in the sign in sheet on Monday 3/21/2016 instead of Friday 3/18/16. The reason was that the Vess that I was assigned to cover was cancelled. Mr. Yousoff Salas insisted that I have to sign the sign in sheet everyday Short and unclear text message. He is trying to build up a negative work record to make me lose my

* Please refer to attached page

I believe that the following individuals have personal knowledge of the events leading up to or relating to my complaint: Mr. Tracey Moment (my Round Sman) His Phone #347-242-0361 Mr. Raymond G PDG01456 Union representative Carlos Perez (slo) Phone # 908-444-8947-

I believe that the following documents, materials, and evidence (attach if possible) support my claim(s): Copies of text messages sent to my Supervisor Mr. Tracey Moment. copy of Log book daily report.

I certify that, to the best of my knowledge, the information that I have provided is accurate and the events and circumstances are as I have described them. I have attached to this complaint or have identified any evidence and/or documentation which I believe supports my claim(s).

I consent to the disclosure of the information contained in this complaint for the purpose of investigating my complaint. I am willing to cooperate fully with the investigation and provide whatever evidence is deemed relevant.

I understand that the confidentiality of my complaint will be protected to the extent practicable. Complete confidentiality cannot be guaranteed, however, as under certain circumstances the effective investigation of my complaint may require appropriate disclosure of the claims made in it.

Signature: _[signature]_            Date: 03-22-2016

# NYSA-PPGU ANTI-HARASSMENT AND ANTI-DISCRIMINATION POLICY

## COMPLAINT FORM

| Name | WF NUMBER | UNION LOCAL |
|---|---|---|
| NAGEEB ABDELSAYED | 18709 | 1456 |

| Address | City | State |
|---|---|---|
| 1565 77th Street | Brooklyn | New York |

| Home Telephone Number | Cell Number | DATE |
|---|---|---|
| | 917-588-2646 | 04-22-16 |

*I wish to file a complaint under the NYSA-PPGU Anti-Harassment and Anti-Discrimination Policy (the "NYSA-PPGU Policy") and request that the EEO Officer investigate my claim(s). The information below is true to the best of my knowledge. The basis for my complaint is as follows: [check all that apply]*

☑ **I believe that I was discriminated against or harassed in violation of the NYSA-PPGU Policy on the following ground(s):**

| | | |
|---|---|---|
| ☐ sex | ☐ race | ☐ religion | ☐ age |
| ☐ sex harassment | ☐ pregnancy | ☐ national origin | ☐ sexual orientation |
| ☐ disability | ☐ marital status | ☑ other protected category [specify] hostile work environment |

☐ **I believe the following individual or individuals discriminated against or harassed me or otherwise violated the NYSA-PPGU Policy:** Mr. Mohamad Murci (S.o.)

☐ **I believe that I have been retaliated against for, reporting harassment or discrimination; providing information related to any complaint of harassment or discrimination, or; participating in an investigation covered by the NYSA-PPGU Policy.**

**I have raised my complaint with the following management supervisor(s), designated employer representative, or other person(s) in authority:** PPGU (Union), Mr. Tracey Konomi (founds man), Mr. Jene D'Donne ll (project manager) and Mr. Peter Montello (SSC.)

**The offending act(s) occurred on the following dates and times:** Tuesday, April 19th, 2016 at the time of 1700 (05:00 Pm).

**The following are the facts that support my claim(s). Attach additional pages as necessary.**
Mr. Mohamad Murci (S.o. Patrolman at R.H.C.T) insulted me orally over the business cellphone

For reporting him to my foundsmen Mr. Moncent and project Manager Mr. Ji Bonnell. On Sunday 4-17-16 Mr. Murci brought his teen and younger Son named Mimgi to RWC. He also made his Son to have a Seat in the main gate booth where Mimgi on duty from 08:00 am to 04:00 pm. I reported that to Mr. Moncent as part of my duties as a security officer. Mr. Moncent responded that he will Call Murci. Mr. Murci compared me to an animal (a dog).

I believe that the following individuals have personal knowledge of the events leading up to or relating to my complaint: Mr. Tom Cey Moncent and Mr. Murci. They are both work in the same location RWC-Pier #60 Brooklyn, NY.

I believe that the following documents, materials, and evidence (attach if possible) support my claim(s): Copies of the text messages and my notes and my incidents reports covering that incident for 4-17-16 and 4-19-2016.

I certify that, to the best of my knowledge, the information that I have provided is accurate and the events and circumstances are as I have described them. I have attached to this complaint or have identified any evidence and/or documentation which I believe supports my claim(s).

I consent to the disclosure of the information contained in this complaint for the purpose of investigating my complaint. I am willing to cooperate fully with the investigation and provide whatever evidence is deemed relevant.

I understand that the confidentiality of my complaint will be protected to the extent practicable. Complete confidentiality cannot be guaranteed, however, as under certain circumstances the effective investigation of my complaint may require appropriate disclosure of the claims made in it.

Signature: _Joseph Abbas_    Date: 4-22-2016

# NYSA-PPGU ANTI-HARASSMENT AND ANTI-DISCRIMINATION POLICY
## COMPLAINT FORM

| Name | WF NUMBER | UNION LOCAL |
|---|---|---|
| NAGEEB ABDELSAYED | 11709 | 1456 |

| Address | City | State |
|---|---|---|
| 1565 77th Street | Brooklyn | NY-11228 |

| Home Telephone Number | Cell Number | DATE |
|---|---|---|
| | 917-588-2646 | |

*I wish to file a complaint under the NYSA-PPGU Anti-Harassment and Anti-Discrimination Policy (the "NYSA-PPGU Policy") and request that the EEO Officer investigate my claim(s). The information below is true to the best of my knowledge. The basis for my complaint is as follows: [check all that apply]*

I believe that I was discriminated against or harassed in violation of the NYSA-PPGU Policy on the following ground(s):

☐ sex  ☐ race  ☐ religion  ☐ age
☐ sex harassment  ☐ pregnancy  ☐ national origin  ☐ sexual orientation
☐ disability  ☐ marital status  ☐ other protected category [specify] _____

☒ I believe that I have been retaliated against for: reporting harassment or discrimination; providing information related to any complaint of harassment or discrimination; or, participating in an investigation covered by the NYSA-PPGU Policy.

I believe the following individual or individuals discriminated against or harassed me or otherwise violated the NYSA-PPGU Policy: Mr. Youssef Salas (foundsman) Mr. Eugene O'Donnoll (Project manager Summit Security Services)

I have raised my complaint with the following management supervisor(s), designated employer representative, or other person(s) in authority: Mr. Raymond Gorski (Union Representative PPG-1) —

The offending act(s) occurred on the following dates and times: Sept. 13th, 2016, September 4th 2016, August 26th, 2016, August 24th 2016, and August 25th 2016.

The following are the facts that support my claim(s). Attach additional pages as necessary.

Sept 13th, 2016, Mr. Salas gate me a hard time before he approved my [illegible] call for a day off. —

I believe that the following individuals have personal knowledge of the events leading up to or relating to my complaint:

Sept 4th 2016, I reported to Mr. Salas that PAPD inside Booth #17. He gave me an order to go and ask them for the reason they are there. Aug 26th 2016 Mr. Salas asked me to look for his air work in both Booth #16 while S.O. Gates out for break leaving her own stuff in booth Sept 4th, 2016, Mr. Salas wanted me to stop and question persons in the streets - Aug 25th 2016, Mr. Salas wanted to give most to S.O. DeJesus and send me away then he called me back in to embarrass me in less than two minutes - Mr. O'Donnell supported him

complaint: Mr. Raymond Gorsky, MR. Al'Ilda DeJesus(sa) Ms. Theresa Gates (s.o.) Ms. Nivian CO(cc) Mr. Eugene O'Donnell (Project manager of Summit Security Services)

I believe that the following documents, materials, and evidence (attach if possible) support my claim(s):

Please refer to attached text messages copies. I also attached copies of detailed harassment incidents on daily basis.

I certify that, to the best of my knowledge, the information that I have provided is accurate and the events and circumstances are as I have described them. I have attached to this complaint or have identified any evidence and/or documentation which I believe supports my claim(s).

I consent to the disclosure of the information contained in this complaint for the purpose of investigating my complaint. I am willing to cooperate fully with the investigation and provide whatever evidence is deemed relevant.

I understand that the confidentiality of my complaint will be protected to the extent practicable. Complete confidentiality cannot be guaranteed, however, as under certain circumstances the effective investigation of my complaint may require appropriate disclosure of the claims made in it.

Signature: _Nageh Abdllah_   Date: 09/13/16

09/13/2016 3:25 PM FAX

P.0001

**************************************
***          Send Results          ***
**************************************

Sending is complete.

| | |
|---|---|
| Job No. | 2283 |
| Address | 12127636810 |
| Name | |
| Start Time | 09/13  03:23 PM |
| Call Length | 02' 37 |
| Sheets | 8 |
| Result | OK |



VANDENBERG & FELIU
LLP

ATTORNEYS AT LAW

Alfred G. Feliu
TELEPHONE: 212-763-6802
afeliu@vanfeliu.com

May 23, 2016

Nageeb Abdelsayed
1565 77th Street
Brooklyn, NY 11228

Re: NYSA-PPGU Anti-Harassment and Anti-Discrimination Policy

Dear Mr. Abdelsayed:

  This is to confirm that I received your complaint filed under the NYSA-PPGU Anti-Harassment and Anti-Discrimination Policy (the "Policy") and am prepared to follow up promptly with respect to it.

  As we have previously discussed, complaints under the Policy must be based on evidence that the alleged offensive activities were based on one or more of the protected categories listed in that Policy, such as sex, race, national origin, age, or disability or for engaging in protected activity as detailed on pages 3 and 4 of the Policy. A copy of the Policy is attached for your information. Please be advised that I can only follow up on claims that reasonably appear to be covered by the Policy.

  You checked the box on the Complaint form for "other protected category" and wrote "hostile work environment." The information you provided makes clear that the issues you complain about are unrelated to a protected category. As a result, your complaint is not covered by the Policy and therefore I will not be conducting an investigation.

  Thank you.

Very truly yours,



Alfred G. Feliu

60 EAST 42ND STREET, NEW YORK, NY 10165 · TELEPHONE: 212-763-6800 · FAX: 646-599-9548 · WWW.VANFELIU.COM



# SUMMIT

April 25, 2016

Nageeb Abdelsayed
1565 77th Street Apt 2R
Brooklyn, NY 11228
Summit Security Services
WFC# 11709

VIA: Overnight Delivery and Regular U.S. Mail

On April 20, 2016, I was informed via email that on April 19, 2016 you contacted Peter Montella of the PANYNJ (client) to report that you felt threatened by another Summit Security employee, after you claimed that you could not reach Roundsman Moment or myself, to make notification. When Roundsman Moment called you back, you told him you were eating and to call back in 15 minutes. Roundsman Moment insisting on finding out what how you were threatened and eventually received a report from you detailing allegations against S/O Murci. When being interviewed by Roundsman Moment, you were asked if you contacted Roundsman Salas, you replied NO, when asked if you contact MSO Gene O'Donnell you replied that you left a message, in fact you sent MSO O'Donnell a text message.

This constitutes a failure to follow the proper chain of command and is in direct conflict with the Waterfront Commission of New York Harbor (WFC) Port Watchmen Rules and Regulations §5.19 Standards of Conduct General Requirements (23): "*Not discuss information of any kind concerning his duty assignment with anyone except his relief, supervisor, or recognized company representative or representative of the Waterfront Commission.*

The Port Watchman are the first line of defense in the Port and by default often receive privileged information to assist in safeguarding the Port and to serve as a deterrent to anyone who threatens Port security. Your failure to properly follow the procedures related to the chain of command make it impossible for you to fulfill your role and satisfactorily perform your duties as a Port Watchman and employee of Summit Security Services.

Summit Security takes the continued safety and security of all PANYNJ property and personnel very seriously. Accordingly, we find the above actions to be in violation of Summit Security Services' expectation of employees as well as the current collective bargaining agreement in place between New York Shipping Association, Inc. and Port Police & Guard Union, Local 1456 as per Article XI, §4:

"*The PPGU will not uphold any Security Officer's incompetence, shirking of work, failure to perform any of the duties required of a Security Officer under this Agreement or bringing alcohol or other prohibited substance on the facility of an Employer. Engaging in any of these offenses shall be sufficient cause for dismissal of the guilty Security Officer by the Employer.*"

For these reasons, and after review, investigation and consideration, Summit Security Services Inc. is placing you on a Final Written Warning, failure to adhere to the policy regarding the chain of command will result in additional discipline up to an including suspension and /or termination.

Sincerely,

Eugene O'Donnell
Project Manager/MSO



# NYSA-PPGU SENIORITY BOARD

## SENIORITY GRIEVANCE

| Name | NAGEEB ABDELSAYED | Date | 04-26-2016 |
|---|---|---|---|
| Address | 1565 77th Street | Social Security Number | 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 |
| City | Brooklyn State NY Zip 11228 | Waterfront Commission # | 11709 |
| Telephone | 917-588-2646 | Industry Seniority | 2004 |

| LIST SENIORITY |  | NAME OF UNION REPRESENTATIVE WITH WHOM YOU FILED THIS GRIEVANCE |  |
|---|---|---|---|
| Seniority Lists on which you appear: | #19 | Name | Raymond Gorski |
| Regular | Year 2008 | Company/Union | PPGU, Local 1456 |
| Extra | Year | | |
| Extra | Year | | |
| Extra | Year | Date 4-26-2016 Time |  |

## DETAILS OF THIS SENIORITY GRIEVANCE:

| Employer | Summit Security Services |
|---|---|
| Location | BCT, Pier #12 Brooklyn, NY |
| Date | Tuesday 04-19-2016 | Time | 1700 PM |

**Describe Grievance** (Attach separate sheet if necessary)

I, Slo, NAGEEB ABDELSAYED, w/l #11709 was disciplined via
receiving a warning letter from the project manager,
Mr. Jene O'Donnell on Monday 04-25-2016. Mr.
O'Donnell claims that I did not comply to the
company policy and Waterfront Commission and the
Port Authority Rules and regulations. Mr. O'Donnell
tell me that I shouldn't contact the w/l Peter
Wastella (P.A. NYH) to report him the incident which
was occurred with co-worker Slo-Mohamed
Musc. and my Salo on Tuesday 04-19-2016.
I'm interested to file a Grievance to Further
discuss that issue with my employer Summit Sec-
urity Services and my w/l as representative. thanks!

---

**Action:**

| Pier Level: | Seniority Board: | Other: |
|---|---|---|
| Date | Date | Date |

Nageeb Abdelsayed
Signature



**SUMMIT**

September 21, 2016

Nageeb Abdelsayed
1565 77th Street Apt 2R
Brooklyn, NY 11228
Summit Security Services
WFC# 11709

VIA: Overnight Delivery and Regular U.S. Mail

On September 19, 2016, I was informed by the PA FSO Ikponmwosa Atile that you had contacted the PNOCC and requested the contact information for another PA manager. When I contacted you via telephone you advised that you were attempting to contact this manager to "report something that happened to you over the weekend". Since no incident report was filed by you detailing an incident involving you I instructed you to file an incident report and leave it for my review on September 20, 2016. No report was filed. Your attempt to contact another PA manager without contact your Roundsman or MSO is a clear failure to follow the chain of command.

This constitutes a failure to follow the proper chain of command and is in direct conflict with the Waterfront Commission of New York Harbor (WFC) Port Watchmen Rules and Regulations §5.19 Standards of Conduct General Requirements (23): *"Not discuss information of any kind concerning his duty assignment with anyone except his relief, supervisor, or recognized company representative or representative of the Waterfront Commission.*

The Port Watchmen are the first line of defense in the Port and by default often receive privileged information to assist in safeguarding the Port and to serve as a deterrent to anyone who threatens Port security. Your failure to properly follow the procedures related to the chain of command make it impossible for you to fulfill your role and satisfactorily perform your duties as a Port Watchman and employee of Summit Security Services.

Summit Security takes the continued safety and security of all PANYNJ property and personnel very seriously. Accordingly, we find the above actions to be in violation of Summit Security Services' expectation of employees as well as the current collective bargaining agreement in place between New York Shipping Association, Inc. and Port Police & Guard Union, Local 1456 as per Article XI, §4:

*"The PPGU will not uphold any Security Officer's incompetence, shirking of work, failure to perform any of the duties required of a Security Officer under this Agreement or bringing alcohol or other prohibited substance on the facility of an Employer. Engaging in any of these offenses shall be sufficient cause for dismissal of the guilty Security Officer by the Employer."*

For these reasons, as well as the fact that you received a formal warning letter on April 25, 2016 for the same violation of the Waterfront Commission of New York Harbor (WFC) Port Watchmen Rules and

Regulations and the Port Police & Guard Union, Local 1456 collective bargaining agreement, and after review, investigation and consideration, Summit Security Services Inc. will be suspending you for a period of 2 weeks and placing you on a Final Written Warning, failure to adhere to the policy regarding the chain of command will result in additional discipline up to an including suspension and /or termination.

Sincerely,

Eugene O'Donnell
Project Manager/MSO



# NYSA-PPGU SENIORITY BOARD

## SENIORITY GRIEVANCE

| Name | NAGEER ABBAS AYED | Date | 4/24/16 |
|---|---|---|---|
| Address | 365 17S+Flo0< | Social Security Number | 076 88 4443 |
| City/Town, State | N.Y Zip 11228 | Waterfront Commission # | 11001 |
| Telephone | 917 588-2646 | Industry Seniority | 4R |

**LIST SENIORITY**
Seniority Lists on which you appear:

| | | | NAME OF UNION REPRESENTATIVE WITH WHOM YOU FILED THIS GRIEVANCE | |
|---|---|---|---|---|
| Regular | Summit | Year 2013 | Name | |
| Extra | | Year | Company/Union | PPGU, Local 1456 |
| Extra | | Year | | |
| Extra | | Year | Date | Time |

**DETAILS OF THIS SENIORITY GRIEVANCE:**

| Employer | Summit Security |
|---|---|
| Location | |
| Date | 4/22/2016 | Time |

**Describe Grievance** (Attach separate sheet if necessary)

On 4/21/2016 I received a Suspension letter
From Summit object I meet with
Eugene O Smith I project manager a
level meeting as soon as possible to
discuss this matter

Signature _(signature)_ 4/27/16

**Action:**

| Pier Level: | Seniority Board: | Other: |
|---|---|---|
| Date | Date | Date |

# NYSA-PPGU SENIORITY BOARD
## 889 Broadway, Bayonne, NJ 07002-3032 (201) 243-0660

November 1, 2016

First Class Mail

Mr. Nageeb Abdelsayed
1565 77th Street, Apt. 2R
Brooklyn, New York 11228

Re: Grievance Hearing

Dear Mr. Abdelsayed:

On Thursday, October 6, 2016, the NYSA-PPGU Seniority Board (Seniority Board) held a hearing regarding a grievance filed by you against Summit Security Services, Inc. (Summit). Your grievance objected to a two-week suspension and final warning letter issued by Summit for your failure to follow the chain of command. Summit alleged that you contacted the Port Authority, Summit's client, to report an incident rather than contacting your Roundsman. A copy of your grievance and Summit's September 21, 2016 letter is attached.

At the hearing, you discussed an earlier warning letter that Summit had issued in April 2016 for the same type of infraction. A copy of that warning letter is attached hereto. It was determined at the hearing that a prior grievance was filed and resolved and that the April warning letter is still valid.

During the hearing, you admitted that you contacted the Port Authority on September 19, 2016. However, you claimed that you were not reporting an incident but simply inquiring about a job. The Seniority Board noted that you had not raised this defense at the pier level meeting, and by your own admission, you never applied for a job with the Port Authority.

Because the Seniority Board found your testimony less than forthcoming, it denied your grievance. Nevertheless, it has determined that your two-week suspension should be reduced to 5 days, to be served at your employer's discretion.

You are hereby advised not to make personal calls while on duty. In addition, you are advised to follow the NYSA-PPGU Collective Bargaining Agreement. If a non-emergency incident should arise while you are working, you are to call your Roundsman or MSO. If an emergency should arise while you are working, you should immediately contact the police or fire department and then notify your Roundsman or MSO.

Please be advised that an appeal to the Labor Relations Committee may be taken from an adverse decision of the Seniority Board by mailing or delivering in person such Appeal to the Secretary of the Seniority Board, Ms. June Lennon, at NYSA-PPGU Seniority Board, 889 Broadway, Bayonne, NJ 07002. Your appeal must be received no later than fourteen (14) calendar days from the date of this letter.

Very truly yours,

June Lennon, Secretary
NYSA-PPGU Seniority Board

cc:  Charles K. Darrell – NYSA
     Joseph Farley – Maher
     Joshua Ruiz - Summit
     Kevin O'Neill - Summit
     John T. Oates – PPGU
     Raymond T. Gorski – PPGU
     Richard Ciampi, Esq.
     Bruce Cooper, Esq.
     Michael Bauman, Esq.

40519



# SUMMIT

December 16, 2016

Nageeb Abdelsayed
1565 77th Street Apt 2R
Brooklyn, NY 11228
Summit Security Services
WFC# 11709

Mr. Andelsayed,

Please see the enclosed letter and note that based on the Labor Relations Committee decision following the December 8, 2016 hearing, you are being suspended for a period of 5 days.

The days you will be suspended are as follows:

Monday, December 19, 2016
Tuesday, December 20, 2016
Wednesday, December 21, 2016
Thursday, December 22, 2016
Friday, December 23, 2016

You will resume your normal schedule as of Saturday December 24, 2016.

Sincerely,

Eugene O'Donnell
Project Manager/MSO

# NYSA-PPGU LABOR REALTIONS COMMITTEE
**889 Broadway, Bayonne, NJ 07002-3032 (201) 243-0660**

First Class Mail

December 15, 2016

Mr. Nageeb Abdelsayed
1565 77th Street, Apt. 2R
Brooklyn, New York 11228

Re:  Appeal of Seniority Board Decision

Dear Mr. Abdelsayed:

On Thursday, December 8, 2016, the NYSA-PPGU Labor Relation Committee (LRC) held a hearing on your appeal of the the November 1, 2016 decision of the NYSA-PPGU Seniority Board. The Seniority Board decision reduced Summit Security Services, Inc.'s (Summit) two-week suspension to five (5) days, to be served at Summit's discretion.

Since no new evidence was presented at the hearing, your appeal is denied and the November 1, 2016 decision of the NYSA-PPGU Seniority Board is upheld.

Very truly yours,

June Lennon, Secretary
NYSA-PPGU Seniority Board

cc:  Charles K. Darrell – NYSA
Michael Del Viscovo – Maher
Chris Wescott - PNCT
Dan Zaleski - APM
Joshua Ruiz – Summit
John T. Oates – PPGU
Raymond T. Gorski – PPGU
Richard Ciampi, Esq.
Bruce Cooper, Esq.

41238

# NYSA-PPGU LABOR REALTIONS COMMITTEE

**889 Broadway, Bayonne, NJ 07002-3032 (201) 243-0660**

December 15, 2016

First Class Mail

Mr. Nageeb Abdelsayed
1565 77th Street, Apt. 2R
Brooklyn, New York 11228

Re:  Appeal of Seniority Board Decision

Dear Mr. Abdelsayed:

On Thursday, December 8, 2016, the NYSA-PPGU Labor Relation Committee (LRC) held a hearing on your appeal of the the November 1, 2016 decision of the NYSA-PPGU Seniority Board.  The Seniority Board decision reduced Summit Security Services, Inc.'s (Summit) two-week suspension to five (5) days, to be served at Summit's discretion.

Since no new evidence was presented at the hearing, your appeal is denied and the November 1, 2016 decision of the NYSA-PPGU Seniority Board is upheld.

Very truly yours,

June Leanion, Secretary
NYSA-PPGU Seniority Board

cc:   Charles K. Darrell – NYSA
      Michael Del Viscovo – Maher
      Chris Wescott - PNCT
      Dan Zaleski - APM
      Joshua Ruiz – Summit
      John T. Oates – PPGU
      Raymond T. Gorski – PPGU
      Richard Ciampi, Esq.
      Bruce Cooper, Esq.

41238